100 P.3d 328 (2004)
In re the ESTATE OF Catherine M. BURKS, Deceased;
Charlene Popplewell, Personal Representative; and Robert Bisom, Appellants,
v.
Terry KIDD, Respondent.
No. 31212-3-II.
Court of Appeals of Washington, Division 2.
November 9, 2004.
Stuart Charles Morgan, Attorney at Law, Tacoma, WA., John Theodore Robson, Attorney at Law, University Place, WA., for Respondent.
Douglas N. Kiger, Blado Stratton & Kiger PS, Tacoma, WA., for Appellants.
ARMSTRONG, J.
Two payable-on-death account beneficiaries appeal a superior court ruling that the payable-on-death accounts were probate assets to be distributed under the decedent's will rather than to the beneficiaries named on the accounts. The death beneficiaries argue that the decedent failed to comply with RCW 11.11.020, which allows a person to change the beneficiaries of payable-on-death accounts by specifically referring to the accounts and specifically naming the new beneficiaries. We agree that Catherine Burks failed to meet the specific requirements of the statute and, accordingly, we reverse.

*329 FACTS
On July 12, 2000, Catherine M. Burks opened two certificates of deposit with payable-on-death (POD) beneficiary designations. Account XXXXXXXXXXXXX (6050) named Burks's niece, Charlene Popplewell, as the POD beneficiary; account XXXXXXXXXXXXX (6051) named Robert Bisom as the POD beneficiary.
Burks executed her Last Will and Testament on May 9, 2001, in Twin Falls, Idaho.[1] Paragraph IV-B of the will provided:
I have certain bank accounts and savings accounts and may in the future have other evidences of property which are or may be in the joint name of myself and one of my children. Such designation is for business convenience only and is not intended as a gift to such child.
Clerk's Papers (CP) at 45.
Paragraph III of the will made a general residuary gift to Burks's son, Robert F. Bisom, and her two stepdaughters, Terry L. Kidd and Janice Klier.
Burks died on January 6, 2003, in Tacoma, Washington.
Among other assets, the estate inventory included a joint checking account Burks and Bisom owned, a joint savings account with a right of survivorship that Burks and Popplewell owned, and a certificate of deposit account XXXXXXXXXXXXX (7230). The inventory listed account 7230 as a probate asset and as being in Burks and Bisom's names, with Bisom as the POD beneficiary. But the documents in the record pertaining to account 7230 list only Burks as the owner and do not designate a POD beneficiary. And Bisom claimed that he did not know why the bank treated him as a joint owner of this account.
While acting in his capacity as personal representative, Bisom distributed account 6051 to himself and account 6050 to Popplewell. Bisom subsequently resigned and the court appointed Popplewell personal representative with non-intervention powers. The inventory she prepared listed accounts 6050 and 6051 as nonprobate assets. On November 14, 2003, Terry Kidd petitioned for a determination that the accounts were actually probate assets that should be distributed under the general residuary gift clause of Burks's will.
The superior court concluded that the accounts were probate assets subject to distribution under the will, ordered Bisom to return two-thirds of the funds he distributed to himself from account 6051, and ordered Popplewell to return the funds from account 6050. The court did not award attorney fees to Kidd. Bisom and Popplewell appeal.

ANALYSIS

I. The Disputed Accounts
Bisom and Popplewell offer several arguments why accounts 6050 and 6051 are not probate assets, subject to distribution under the residuary clause of Burks's will. We discuss only the controlling issue, whether Burks changed the POD beneficiaries on accounts 6050 and 6051 by the language in paragraph IV-B of her will.
The trial court found that the disputed accounts were probate assets subject to distribution under Burks's will. Bisom challenges this characterization. Kidd reasons that the characterization was proper and that nonprobate assets disposed of by a will are probate assets by operation of law.
The definition of "nonprobate asset" under RCW 11.11.010(7) is, except for some inapplicable exceptions, the same as the definition under RCW 11.02.005(15), which provides that "nonprobate asset" means "those rights and interests of a person having beneficial ownership of an asset that pass on the person's death under a written instrument ... other than the person's will," including payable on death bank accounts. The POD accounts are not probate assets; nonetheless, RCW 11.11.020 specifically refers to nonprobate assets and allowed Burks to change the death beneficiary of each account. What matters is not whether the accounts are probate assets, but whether Burks's will satisfied *330 the specific requirements of RCW 11.11.020 to change the death beneficiaries of the accounts.
We review a trial court's interpretation of a will de novo. In re Estate of Curry, 98 Wash.App. 107, 112-13, 988 P.2d 505 (1999). In doing so, we seek to ascertain the testator's intent. RCW 11.12.230; In re Estate of Long, 82 Wash.App. 609, 613-14, 918 P.2d 975 (1996) (citing In re Estate of Niehenke, 117 Wash.2d 631, 639, 818 P.2d 1324 (1991)). This intent must, if possible, be determined from the four corners of the will. Long, 82 Wash.App. at 614, 918 P.2d 975 (citing McDonald v. Moore, 57 Wash. App. 778, 780, 790 P.2d 213 (1990)).
RCW 11.11.020 allows individuals to dispose of certain types of nonprobate assets through their wills. Under RCW 11.11.020(1),
[s]ubject to community property rights, upon the death of an owner the owner's interest in any nonprobate asset specifically referred to in the owner's will belongs to the testamentary beneficiary named to receive the nonprobate asset, notwithstanding the rights of any beneficiary designated before the date of the will.
A "general residuary gift" does not entitle the devisees or legatees to the owner's nonprobate assets. RCW 11.11.020(2). But a testamentary disposition of an owner's interest in "`all nonprobate assets' or of all of a category of nonprobate asset ... such as `all of my payable on death bank accounts' or similar language, is deemed to be a disposition of all the nonprobate assets the beneficiaries of which are designated before the date of the will." RCW 11.11.020(3).
The language of Burks's will referring to "certain bank accounts and savings accounts and [possible future] evidences of property which are or may be in the joint name of myself and one of my children" does not specifically refer to accounts 6050 and 6051. CP at 6; see RCW 11.11.020(2). Nor does this language identify an entire category of nonprobate assets, as permitted by RCW 11.11.020(3). Although somewhat similar, this language is less precise than the "all of my payable on death bank accounts" example in RCW 11.11.020(3). Moreover, paragraph IV-B of the will does not name new POD beneficiaries. To overcome these problems, Kidd argues that paragraph III's general residuary gift operates together with paragraph IV-B to change the beneficiary designations on accounts 6050 and 6051.
In In re Estate of Furst, 113 Wash.App. 839, 840-42, 55 P.3d 664 (2002), Furst created a revocable living trust and a will. Furst was the trustee and the trust agreement reserved the right to revoke the trust by delivering a written instrument to the trustee. Before he died, Furst executed a second will. The residuary legatee of the second will argued that the second will revoked the trust. The court disagreed, reasoning that although a later will could have revoked the trust, the one at issue did not because it did not purport to do so and it did not even mention the trust. Furst, 113 Wash.App. at 843, 55 P.3d 664. The court concluded that Furst had not followed the procedure set forth in RCW 11.11.020 and that a general residuary bequest is a testamentary act, not a revocatory act. Furst, 113 Wash.App. at 843-44, 55 P.3d 664. Although not directly on point, Furst suggests that paragraph IV-B and the residuary clause in Burks's will are ineffective to change the POD designations on the accounts at issue.
Kidd argues that Burks's intent to distribute accounts 6050 and 6051 under her will is clear because paragraph IV-B states that the joint name designations on the "certain bank accounts and savings accounts" is "for business convenience only and is not intended as a gift to such child." CP at 45; Respondent Br. at 16. The POD accounts at issue did list Burks and Bisom as joint owners on most of the account documents. But Burks also had account 7230 (listed as a POD certificate of deposit account but which appears to be a certificate of deposit in Burks's name), a joint checking account with Bisom, and a joint savings account with a right of survivorship with Popplewell. It is likely that the language in paragraph IV-B refers to accounts such as these, not the POD accounts at issue. More importantly, the "certain bank accounts" and "not intended as a gift" language still fails to designate the specific accounts on *331 which Burks may have intended to change the POD beneficiary and fails to specifically name the new account beneficiaries as the statute requires. We conclude that Burks's will did not meet the statutory requirements to change her designated beneficiaries.

II. Attorney Fees
Popplewell asks for attorney fees.
Superior or appellate courts may, in their discretion, award costs and reasonable attorney fees in estate proceedings. RCW 11.96A.150(1), (2). The award may be paid by a party from the estate assets or from a nonprobate asset that is the subject of the proceedings. RCW 11.96A.150(1)(a)-(c).
In Mearns v. Scharbach, 103 Wash.App. 498, 514-15, 12 P.3d 1048 (2000), Division Three denied a request for attorney fees and costs against the decedent's former spouse that were incurred by the decedent's children in litigating difficult questions involving the operation and constitutionality of a former version of RCW 11.07.010, which revoked nonprobate asset beneficiary designations in favor of former spouses. Here, the trial court denied Kidd's request for attorney fees when she prevailed below. Given the unique issues in this case, we also decline to award attorney fees and costs to Popplewell.
Reversed.
We concur: HUNT and VAN DEREN, JJ.
NOTES
[1] Although Burks executed the will in Idaho, the parties treat the issue as controlled by Washington law.